## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANNIE M. SCALES,<br>　　　　　　　　Plaintiff,<br>vs.<br>GOV. BRIAN SANDOVAL, et al.,<br>　　　　　　　　Defendants. | Case No. 2:11-cv-02063-RCJ-PAL<br>**REPORT OF FINDINGS AND<br>RECOMMENDATION**<br>(IFP App - Dkt. #1) |

　　　　Plaintiff Annie M. Scales ("Plaintiff") is proceeding in this action *pro se*. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and she submitted a Complaint on December 21, 2011. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule IB 1-3 and 1-4.

**I.**　　*In Forma Pauperis* **Application (#1)**

　　　　Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.**　　**Screening the Complaint Pursuant to 28 U.S.C. § 1915(e).**

　　　　The court must screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). When a court dismisses a complaint under this section, the plaintiff should be given leave to amend the complaint with directions regarding curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

/ / /

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Plaintiff's Complaint, which is exceptionally difficult to follow, alleges that she was put on a "fake" trial and put in jail although she did not commit a crime. She states the order to put her on trial and incarcerate her came from the Governor's office. Plaintiff was accused of stalking Dr. Robert Shreck and a woman named Michele Lentz. It appears she appeared in court in Las Vegas on the stalking charge in August, 1999. The stalking accusations were related to letters and gifts Plaintiff sent to Dr. Shreck. She denies stalking him or Ms. Lentz. There may also have been additional charges related to passing bad checks. She was incarcerated in April 2000 for contempt of court. Plaintiff

1  asserts her trial and her incarceration were ordered by Judge Togliatti because Governor Guinn said he
2  would promote Judge Togliatti if the judge tried and incarcerated Plaintiff.  Plaintiff states that she was
3  convicted without any evidence.  She asserts she was never informed of the crime of which she was
4  accused.  Additionally, she contends she should not have been forced to use a public defender, and she
5  could have done a better job representing herself.  She alleges that she while she was incarcerated, she
6  was required by Judge Togliatti to use the bathroom three times and record how it felt.  She believes,
7  based upon a phone call to determine the status of her nursing license, that the judge was actually
8  asking her to masturbate.

9      Plaintiff also states she was also incarcerated in 2003 for embezzling a car, and in 2007, her
10 employment checks were garnished for the value of that car.  Plaintiff asserts she rented the car from
11 Budget Rent-a-Car.  She contends the Governor was responsible for taking away her nursing license
12 and her only means of earning a living.  She tried to get a job "blowing sirens," but she could not.

13     The facts alleged in the Complaint are completely incomprehensible.  18 U.S.C. § 1915(d) gives
14 the court the power to dismiss "claims whose factual contentions are clearly baseless," such as "claims
15 describing fantastic or delusional scenarios."  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see*
16 *also Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1959 (2009).  A court must not dismiss a complaint
17 simply because the set of facts presented by the plaintiff appears to be unlikely; however, a complaint
18 must allege facts "to state a claim that is plausible on its face."  *Bell Atl. Com. v. Twombly*, 550 U.S.
19 544, 570 (2007).  Because Plaintiff's Complaint does not set forth a plausible claim, it is recommended
20 that is be dismissed with prejudice.  Because allegations of other facts would not cure it, Plaintiff is not
21 entitled to an opportunity to amend the Complaint.

22     Accordingly,
23     **IT IS ORDERED**:
24     1.   Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not
25          be required to pay the filing fee of three hundred fifty dollars ($350.00).
26     2.   Plaintiff is permitted to maintain this action to conclusion without the necessity of
27          prepayment of any additional fees or costs or the giving of a security therefor.  This
28          Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of

subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 18th day of January, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.